IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| ALISON BATTAGLIA, | ) | CASE NO. 1:07CV0778 |
| | ) | |
| Plaintiff, | ) | JUDGE BOYKO |
| | ) | MAG. JUDGE McHARGH |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | STIPULATED PROTECTIVE ORDER |

This Order is entered for the purpose of protecting the rights or privacy of employees, former employees, or former consultants of the United States of America ("USA") who are not parties in this litigation, against unreasonable disclosure of information pertaining to them pursuant to the objectives of the Privacy Act of 1974 [5 U.S.C. § 552a (1977)],HIPPA regulations [45 C.F.R. § 164.512], and pursuant to the Federal Rules of Civil Procedure.

1. This Order permits the disclosure in the course of this action, of any USA records which, in whole or in part, are otherwise subject to the Privacy Act of 1974 or HIPPA regulations

reasonably necessary or useful to respond to discovery, to make initial disclosures under Fed. R. Civ. P. 26(a), or to defend this pending action. The Order does not otherwise affect any objections to discovery made pursuant to the Federal Rules of Civil Procedure. This Order permits defendant to make available files or documents designed to give the parties, through their counsel, the discovery they seek without requiring defendant to pre-screen each document for HIPPA or Privacy Act objections and present those objections to this Court for a decision on disclosure.

2. Such records or other tangible items must be designated as subject to this Protective Order by conspicuously stamping the phrase "UNDER PROTECTIVE ORDER" on each page.

3. Such records shall be made available for inspection and copying by defendant only to plaintiff and counsel for the parties to this litigation, who are the undersigned. Said counsel shall not disclose any of the records or information contained in them to any person or entity other than such employees or agents of counsel, including any expert, necessary to prepare for and prosecute this litigation.

4. Neither the parties, nor their counsel, nor any individual to whom they have made disclosure shall himself make any disclosure of information covered under this Order. The sole purposes for which any discovery materials disclosed to the

parties shall be used by the parties or their attorneys is to prepare for and to prosecute this litigation.

5. When any documents designated "UNDER PROTECTIVE ORDER," including discovery responses, initial disclosures, portions of transcripts, or any other pleadings or papers disclosing or referring to such protected material, are used in connection with any motion, or pretrial hearing, or are otherwise submitted to the Court, they shall be filed under seal and marked as follows:

CONFIDENTIAL/SUBJECT TO A PROTECTIVE ORDER:

> This envelope contains documents that are subject to a protective order of this Court. The contents are not to be revealed to anyone except the Court, or with the prior written consent of the parties herein, or pursuant to any order of this Court.

6. A party may challenge a designation of material as confidential at any time. Such material shall be treated as confidential under the terms of this Order until this Court rules to the contrary. The party objecting to a designation of material as confidential shall have the burden of moving the Court to challenge the designation. The party designating such material as confidential will have the burden to prove the need for confidentiality. The provisions of Civil Rules 26(c) and 37 shall apply to proceedings objecting to the designation of material as confidential.

Materials designated as "confidential" may be used at trial to the extent they are admissible.

7. Nothing in this Order constitutes any decision by the Court concerning discovery disputes, or the admission into evidence of any specific document or liability for payment of any costs of production or reproduction for documents, nor does the Order constitute a waiver by defendant or plaintiff of any right to object to discovery or admission into evidence of any document or record subject to this Order.

8. Upon conclusion of this action (including appeals), all copies of documents released to the parties under this Order, and any copies made by the parties for use for any reason whatsoever in the litigation, excepting exhibits entered into evidence, shall be destroyed or returned to counsel for defendant within thirty days of written request by said counsel.

| (By e-mail consent) | s/Marlon A. Primes |
|---|---|
| Donald J. Kral #0042091 | Marlon A. Primes #43982 |
| Elk & Elk Co., Ltd. | Carl B. Stokes U.S. Court House |
| Ste 100 | 801 West Superior Avenue |
| 6110 Parkland Blvd. | Suite 400 |
| Mayfield Hts., Ohio 44124 | Cleveland, Ohio 44113-1852 |
| (440)442-6677 | (216) 622-3684 |
| Fax: (440)442-7944 | Fax: (216) 522-4982 |
| Email: dkral@elkandelk.com | Email:marlon.primes@usdoj.gov |
| Attorney for Plaintiff | Attorney for Defendant |

IT IS SO ORDERED,

_Christopher A. Boyko_
U.S. DISTRICT JUDGE CHRISTOPHER A. BOYKO

FILED

SEP 27 2007


CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

-4-